**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

EAGLES NEST HOLDINGS, LLC

      Debtor.
_____/

Case No.: 08:11-bk-00672-MGW
Chapter 11

**DEBTOR'S EMERGENCY MOTION FOR**
**AUTHORITY TO USE CASH COLLATERAL**

Eagles Nest Holdings, LLC, a Florida corporation, by and through its undersigned counsel as debtor and debtor-in-possession ("Debtor"), hereby files its Motion for Authority to Use Cash Collateral (the "Motion") pursuant to 11 U.S.C. §363 and Rule 4001 of the Federal Rules of Bankruptcy Procedure. In support of this Motion, the Debtor would Show:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157 and 1334. The subject matter for this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are §105, 363, and 541 of the Bankruptcy Code. No previous application for the relief sought herein has been made by the Debtor to this Court or any other court.

**Background**

2. On January 17, 2011 (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

3. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to §1107(a) and §1108 of the Bankruptcy Code.

4. The Debtor is a Florida limited liability company in the business of managing and operating a golf course, pro shop, restaurant and ancillary businesses.

5. No trustee or examiner has been appointed in this case and no official committees have been appointed pursuant to §1102 of the Bankruptcy Code.

### Relief Requested and Grounds for Relief

6. The Collateral may constitute the cash collateral (the "Collateral") of Textron Financial Corporation ("Textron"), hereinafter referred to as the "Secured Creditor." By this Motion, the Debtor seeks the entry of an order authorizing the use Secured Creditor's cash collateral. The Debtor proposes to use cash collateral for purposes which include the following:

   (a) Care, maintenance and preservation of the Debtor's assets and the Collateral; and

   (b) Payment of necessary property management other expenses necessary for continued operation of the business.

Except as specifically authorized by law, court order, or an agreement by and between the Secured Creditor and the Debtor, the Debtor will not use cash collateral to pay pre-petition obligations.

1. A projected three month operational budget with respect to the Secured Creditor's Collateral is attached as <u>Exhibit A</u>.

2. As shown in <u>Exhibit A</u>, the proposed utilization of cash collateral will not impair the Secured Creditor's position, and will allow the Debtor to make significant adequate protection payments to the Secured Creditor.

3. The Debtor contends that the Secured Creditors are adequately protected.

4. The Debtor requests authority to use cash collateral immediately to fund the operating expenses necessary to continue the operation of the business and to maintain the estate, to increase occupancy, to maximize the return on its assets, and to otherwise avoid irreparable harm and injury to its business and the estate.

5. If the Debtor is denied the ability to immediately use cash collateral, there will be a direct and immediate material and adverse impact on the continuing operation of the Debtor's business and on the value of its assets. In order to continue its business activity in an effort to achieve a successful reorganization, the Debtor must use cash collateral in its ordinary business operations. The inability of the Debtor to meet its ordinary business expenses will require the Debtor to discontinue normal operations which will result in irreparable injury to the Debtor and its chances of reorganization. Any such discontinuation would also materially and adversely impact upon the value of the Collateral. Indeed, it is in the best interest of the Secured Creditor that the Debtor uses the cash collateral, if such usage will preserve the value of the Collateral.

6. The interest of the Secured Creditor will be adequately protected by the Debtor's continued operation. The Debtor further alleges that all conditions precedent to the use of cash collateral have been performed or have occurred.

7. If allowed to use cash collateral, the Debtor believes that it can operate its business during the Chapter 11 and successfully reorganize its business.

WHEREFORE, the Debtor respectfully requests that this Court enter an order permitting the Debtor to use the Secured Creditor's cash collateral pursuant to the terms set forth herein, scheduling a preliminary hearing on the Motion and scheduling a final cash collateral hearing in accordance with Bankruptcy Rule 4001 (b) (2), and granting such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Christopher C. Todd
RICHARD J. MCINTYRE
Florida Bar No. 0962708
Rich@mcintyrefirm.com
CHRISTOPHER C. TODD
Florida Bar No. 72911
chris@mcintyrefirm.com
McIntyre, Panzarella, Thanasides,
   Hoffman, Bringgold & Todd, P.L.
400 N. Ashley St., Ste. 1500
Tampa, Florida 33602
(813) 899-6059
(813) 899-6069 (Facsimile)
*Attorneys for Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing *Emergency Motion for Authority to Use Cash Collateral* has been furnished on this 19th day of January, 2011, via the Court's CM/ECF system or U.S. Mail to:

**U.S. Trustee Office**, 501 East Polk Street, Ste. 1200, Tampa, FL 33602

**Eagles Nest Holdings LLC**, Michael R. Sheeks, 545 Frederica Lane, Dunedin, FL 34698

**LBR 1007-2 Parties in Interest Matrix**

/s/ Christopher C. Todd
Attorney

2590272